Consumer Health v. Amylin Pharmaceuticals Good morning, and may it please the Court. My name is Bob Winn, and I represent the Plaintiff-Appellant Consumer Health Information Court in this appeal. This appeal comes to this Court on a dismissal based on Rule 12b-6 of the Federal Rules of Justice, you know, stemming from the statute of limitations and when it accrues for civil claims of copyright infringement. The District Court dismissed this case, and our main contention on appeal is that that dismissal is erroneous based on two recent opinions, one from the U.S. Supreme Court in May of 2014 and one from this very Court in October of 2014 that I believe was authored by a member of the panel, and what I'd like to do is explain how those two cases render the District Court's decision erroneous here. In the Petrella case, which is the 2014 U.S. Supreme Court case, Justice Ginsburg, writing for the Court, set forth sort of a very, in part one of that opinion, explained how copyright claims work, how they accrue, and in particular, the fourth part of Section 1, she talks about or the Supreme Court talks about the separate accrual rule, and what that rule means is that for statute of limitations purposes in a copyright case, a claim does not accrue until there is a complete and total cause of action. In a copyright infringement claim, there's two substantive elements. I have to prove as a plaintiff ownership, and then I have to prove that the defendant infringed on that ownership by copying some constituent element of my protected work, and what the Supreme Court held was that a claim for copyright infringement does not accrue until each and every act of infringement, and what that means is that if I infringe on January 1st, that's one cause of action. If I infringe on January 2nd, that's another cause of action, and my statute of limitations extends three years from each separate act of infringement. Right, but Petrella and the Mongolian House case from this Court are all about discrete acts of infringement, and what we've got here is a dispute about ownership, and that's what of Petrella and Mongolian House, and within the Seven Arts Doctrine, if we can call it that, it's the Ninth Circuit case that was relied on in the District Court here, but that principle has been followed by many other circuits, which is to say that a cause of action for copyright violation that turns on a claim, a disputed claim of ownership rather than whether there were infringing acts, in other words, where the gravamen of the copyright case has to do with an ownership dispute and not an infringement dispute, then the cause of action accrues when there was a reason to know that there was a dispute about ownership. And, Judge, you're absolutely right that that Seven Arts opinion from the Ninth Circuit holds that. Nothing in Petrella unsettled that principle. Nothing in Mongolian House unsettled that principle. Well, I would argue differently, Judge, and here's why. The underlying rationale between that Seven Arts decision, which is the Ninth Circuit, Ritchie, which I think is the Sixth, Kwan, the Second, and Stanley from the Tenth, all are based on a fundamental notion of fairness, that once you're advised or once you learn that someone else has an adversarial claim to your interest, that you can't sit on your rights and wait and allow them to do reproduction or copying, but that you have three years from notice of the ownership dispute. And what I would say is that Petrella does address that. In Part 4, Section C of the Petrella opinion, the court specifically talks about this lying and wait argument. Right, but only with respect to claims for discrete acts of copyright infringement within the three-year look-back period. I mean, that's the rule of Petrella. We talked about that in Mongolian House. And so for copyright claims that focus on discrete acts of infringement, you've got a three-year look-back period from the date of the filing of the complaint. So any acts of infringement within that time period are timely, if that's the gravamen of the complaint. We don't have that here. We have a dispute about ownership. This isn't a case about whether derivative works were made. I know there's a dispute about the works made for hire doctrine here, but that's an ownership dispute. Well, Judge, ownership is an element in every single claim of copyright infringement. Right, but it's usually not disputed where you've got claims that focus on the second element, in other words, whether there was an infringing act. Here, we just don't have that. The whole case turns on the ownership dispute. Well, Judge, from a practical standpoint, I don't know if that's all we have, because this case was dismissed at the 12B6 stage. Well, right, but that's all that's alleged in the complaint, right? It's all about ownership and whether there's a basis to rescind the contract. Well, the complaint alleges that Consumer Health owns the copyright and that the defendants infringed on that copyright, thereby meeting the two elements. Right, but your claim of ownership depends upon grounds to rescind the agreement, right? Because the agreement vests ownership in Amlin and does so fairly comprehensively. Judge, in terms of how statutes of limitations apply to claims, I don't believe, and I think the law is clear, that they don't apply to elements of claims. Here, the ownership is an element of a claim, and I don't believe that the statute of limitations I'm not suggesting that. I'm focusing on what is the heart of the dispute here, because that determines when a claim accrues. When you know you have a cause of action, the clock starts running. You knew you had a cause of action on this ownership dispute at the time the agreement was executed, so that's when the clock started running. Judge, I would respectfully disagree. For copyright, the claim doesn't accrue until there's some infringing act. Just because the ownership is put in dispute doesn't mean that I have to or my client has to sue immediately or within three years from them. Otherwise, we're barred from ever seeking damages once actual infringements or copying occurs. The infringement occurred immediately because they continued to use... Not if they didn't publish it immediately, and every time they publish it under Petrella, that's a separate cause of action. Whether they publish it in 06 or 07, or whether they publish it yesterday or today, what Petrella says is that three years starts from the act of the infringement, not from the time that the ownership, the first element of the claim, is put into dispute. And that's sort of the point that we're trying to make here. On sort of the policy grounds behind that, I think Petrella talks about the fundamental fairness, the lying in wait, and how that's not a concern in this case. In fact, the Supreme Court specifically rejected that as a basis for holding otherwise in that case. And then what the defendants or the appellees rely on is that 7 Arts opinion from the Ninth Circuit, which I believe is a 2009 case. The problem with that case, or reliance on that case, is we contend that it conflicts with the 2000 opinion from the Ninth Circuit. And under Ninth Circuit rules, the earlier opinion controls over the subsequent one. And that opinion is the Kling case. It's Kling versus Hallmark Cards, 225 F3rd, 1030. And we quote, or I quoted a block quote, and I know everybody hates block quotes. But it's very, Judge, I see my rebuttal time. You're into your rebuttal, but it's all your time this morning. Okay. Let me finish this, and then I'll sit down. The Kling case talks about all the reasons why an adversary ownership claim doesn't trigger the accrual period. But the actual infringement is what triggers the cause of action and triggers 507B's infringement claim. Judge, I think I'm in my rebuttal time. I would like to sit down at this point. Thank you, Mr. Winn. Mr. Roosevelt? Good morning. May it please the Court, Jason Raufield on behalf of Defendant Appellees Ameline Pharmaceuticals and Eli Lilly. In this case, Appellant Sheik must establish that it is entitled to rescind the party's agreement under California state law. Unless Sheik prevails on that embedded state law issue, it has no claim for copyright infringement. And that's why the complaint affirmatively seeks rescission. Contrary to the argument made at the very end of Sheik's reply brief, under this Court's authorities, the California state statute of limitations applies to Sheik's federal copyright infringement claim. That is because to resolve the dispositive ownership dispute in this case, there is no need to consult the federal copyright laws at all. Some copyright ownership disputes do involve issues of federal copyright law, such as disputes about authorship or contribution. By contrast, where the issue is contractual, the issue is resolved under state law, and the applicable statute of limitations is the state statute of limitations. In Affy Max v. Ortho McNeill, 660 Fed 3rd 281, this Court stated, quote, Controversies about contracts that allocate ownership of copyrights arise under the contract, not the copyright laws. And in Gaiman v. McFarland, 360 Fed 3rd 644, this Court explained that where the claim can be decided, quote, without reference to the Copyright Act, the applicable statute of limitations is state rather than federal. And I should point out that the Gaiman v. McFarland case was not cited on our brief because this was an issue that was raised at the very end of the reply brief on appeal. Here there is no need to consult the federal copyright laws at all. Rescission is a pure issue of state law, and for that reason, Sheik's copyright infringement claim is governed by the California statute of limitations for rescission. Appellant Sheik cannot avoid the statute of limitations by characterizing rescission as a defense. First, rescission is clearly asserted as a claim. Sheik is the plaintiff. The complaint affirmatively seeks rescission. Rescission is a necessary predicate to the copyright infringement claim, and plaintiff is seeking affirmative relief in the form of substantial monetary damages. Second, rescission is clearly not asserted as a defense for the simple reason that no one has asserted a claim against Sheik. No one is seeking any relief from Sheik. The cases cited in Appellant's brief involve the exact opposite situation. In those cases, the party seeking rescission was a defendant or a cross-claim defendant. A claim had been asserted against that party seeking affirmative relief from that party, and as a result, rescission was asserted as a defense, and the statute of limitations did not bar that defense. Here, Sheik seeks rescission affirmatively in its complaint, not as a defense, and therefore, the claim is barred by the California statute of limitations for rescission. Well, actually, I'm not finding that in the complaint, although I am, I mean, there are allegations of various grounds for rescission, and that is a necessary predicate to the claim of ownership of the copyright in these works, so it's certainly there implicitly. In the actual copyright infringement claim itself in the complaint, Sheik alleges in a single paragraph, the only paragraph that alleges its ownership in the copyright infringement claim itself, says that it is the owner of the copyright as a result of fraudulent inducement and economic duress. Right. No, I see that, but it's not asking for rescission. Maybe that's implicit. Yes. The district court concluded, so I have two responses, Your Honor. First, the district court concluded that they were essentially asking, they had two claims boiled into one, that strategically, they decided to allege copyright infringement without asserting a separate claim for rescission, and in this case, I think that that doesn't actually matter, because under this court's authorities, both Affy Max versus Arthur McNeil and the Gaiman v. McFarland case that I quoted, even if the only claim that they have actually asserted is the federal copyright infringement claim, because the controlling ownership dispute is a matter of California state rescission law, the California statute of limitations for rescission governs the federal copyright infringement claim. And that's actually longer, right? It's four years, except we don't have a dispute about what the trigger is, right? As we do with the copyright claim. I agree with that, Your Honor. I mean, we have an accrual rule dispute if this is construed as a copyright claim. I wouldn't put it that way, Your Honor. I would construe this as a copyright infringement claim. That's the claim that they have asserted. You could do one of two things. You could say, in addition, they also have a rescission claim, which is a predicate of the copyright infringement, and that one is barred, which is what the district court did. Or you could just treat it as a copyright infringement claim. And under this court's authorities, because the dispositive issue is in the copyright infringement claim is the ownership dispute, which turns on California state law, the applicable statute of limitations is the state statute of limitations for rescission. So we don't have to get to this Petrella argument at all? The court does not need to address the Petrella argument. The district court did reach that issue as well. But in this case, because I don't see any way around it, and in fact, I don't know that I heard an appellant's argument, and I don't really believe that there was any hint of an argument in their reply brief as to why this case should not just be decided on the basis of the state statute of limitations, Your Honor. Turning to the federal copyright statute of limitations, first I just wanted to clear up that infringement is not disputed in this case. The complaint alleges that the infringement began immediately. That makes all the sense in the world because this was an agreement by which the works were patient education materials that would be used to educate patients. And that is exactly what the materials were used for as alleged in the complaint. So there has never been, and there is not any question, infringement is not contested in this case, and the infringement began in 2006 according to the complaint. With respect to the federal copyright statute of limitations, should this court reach that issue, the appellant misstates the federal accrual rule recognized by the district court in this case. The federal accrual rule actually recognized below is that the statute of limitations, under the statute of limitations, a claim accrues when there is a complete and present cause of action and for copyright infringement claims that requires infringement. This is clear from the district court's opinion at page 10 as well as our brief at page 20. And it's also why none of the cases that were relied on by the district court in this case found a claim to have accrued before there was an infringement. In fact, the extensive block quote in the reply brief from the Ninth Circuit's opinion in Kling v. Hallmark, which was mentioned in argument by appellant, actually shows our point that they're misconstruing the federal accrual rule applied by the district court. Kling was a Ninth Circuit case that was decided before the Ninth Circuit decided Seven Arts. And in Kling, the Ninth Circuit rejected the accrual rule that's posited by Shakir, where a claim could accrue before it could ever be filed, which would make no sense at all. And said, no, for infringement claims, there has to actually be infringement. And it then went on in Seven Arts to adopt the accrual rule at issue here. Below, Shake made the same argument with the same block quote from Kling, and the district court explained that that was wide of the mark because, as it explained, Seven Arts involved, quote, ongoing acts of infringement, close quote. And it explained that the same is true in this case, as well as all the other circuit cases that preceded Seven Arts. Here, Shake's claim is barred by the state statute of limitations for rescission, but even under the federal copyright statute of limitations, its claim would be barred because in 2006, Shake was aware of both, that Amelin was asserting sole ownership of the copyright, and because at that point in time, according to the complaint, Amelin was using the patient education materials to educate patients. Finally, the Supreme Court did not overrule the Seven Arts line of cases. In Petrella, the statute of limitations was not asserted as a defense. Petrella involved, the opinion in Petrella addressed the question of whether Latches was applicable to an otherwise timely copyright infringement claim. Well, right, but there's a whole lot of discussion about how the statute of limitations works as a predicate to the court's holding that Latches doesn't apply. That is absolutely true, Your Honor. So, we have to pay attention to that. I agree, Your Honor, but the issue in the Supreme Court's opinion in Petrella expressly said that there was no ownership dispute. In Petrella, the case involved renewal rights in three copyrighted works. A 1963 screenplay that the plaintiff had renewed, and a 1970 book and a 1973 screenplay that the plaintiff had not renewed. And at page 1971, the Supreme Court said, quote, because the copyrights in the 1973 screenplay and the 1970 book were not timely renewed, the infringement claims in this case rest exclusively on the screenplay registered in 1963. Petrella is now the sole owner of the copyright in that work. Sheik's reply brief suggests that the Supreme Court's opinion says that there was an ownership dispute. It points to page 1971 of the Supreme Court's decision, discussion of correspondence between the parties, and it says, quote, the parties challenged validity of the others' copyright interests. In fact, what the Supreme Court's opinion at that page says is MGM disputed the validity of the infringement claims, close quote. There was no dispute of ownership in Petrella. It was infringement. It was whether the 1970 book was derivative of the 1963 screenplay. So, therefore, Petrella did not, clearly did not overrule Seven Arts. It didn't even mention Seven Arts or the accrual rule at issue in this case. For those reasons, we would ask this court to affirm. Thank you, Mr. Wakefield. Mr. Williams. Just a few points for rebuttal, Your Honors. The first one is whether the state statute of limitations applies to a federal copyright infringement cause of action. I dispute that. I don't see how the state of California or any of the other 49 states can impose a statute of limitations on a claim that exists solely under federal statutory law. And so I think that's a pretty strong point on our argument there. Well, I don't think that's the argument, counsel. You're right, Your Honor. Yes and no. On the point on whether the state statute of limitations can trump the four-year, I would say it doesn't. It's a three-year limitation under 507B, and that's the appropriate mechanism to look at this case from a limitation standpoint. As far as whether we're acting affirmatively or defensively on the use of the contract, I would say that we're acting defensively. The contract, we're not suing on the contract. The contract is irrelevant to our claim. Copyright ownership vests in the author under Section 201 at the date and time of creation. The defendants have to use the contract to say that we assigned or transferred ownership. Why did you plead around the contract then? Because I anticipated that this defense was going to be raised, and because once they raise it, then I have to reply to it because their defense goes to the first element, ownership. I say that we own the copyright the date we created it. They say, You did, but you transferred it to us. So they raise that assignment defense, not a limitations defense. Anticipating the assignment defense, I put in the facts that would say that here's our reply to that and why your assignment defense doesn't hold water in this case, Your Honor. My time is up. Unless you have any questions, I'll be done. All right. Thank you, Your Honor. Thank you to all counsel.